UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRELL M. SCHNEIDER,

        Plaintiff,

v.                                           Case No. 12-C-1284

UNITED STATES OF AMERICA,

        Defendant.

**SCREENING ORDER**

On December 17, 2012, Darrell M. Schneider filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence was unconstitutional due to a breach of his plea agreement by the government and ineffective assistance of counsel. The motion seeks relief from Schneider's 2011 conviction for sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2243(a)(1). Schneider asserts that the government violated its plea agreement because it did not move to dismiss two counts of the indictment charging Schneider with a violation of 18 U.S.C. § 2242(a) in exchange for Schneider agreeing to enter a plea to a lesser charge. Schneider requests that the court vacate and set aside his conviction and sentence so that he may receive a new sentencing hearing.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, which states:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of a motion for habeas relief, I look to see whether the movant has set forth cognizable constitutional or federal law claims.

From the record before this Court, it appears that Schneider currently has an appeal pending before the Seventh Circuit. Because the disposition of a direct appeal could render a § 2255 motion moot, district courts "should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances." *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (citing *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)). Schneider submitted with his § 2255 motion three exhibits from his appeal indicating that his attorney filed a motion before the Seventh Circuit seeking a dismissal on the basis of lack of jurisdiction because his judgment of conviction was not final. The government agreed with Schneider's position.

Schneider has not alleged any extraordinary circumstances that require consideration of his § 2255 motion during the pendency of his direct appeal. Schneider argues that his claim of ineffective assistance of counsel is best brought in a § 2255 motion, which does find support in the law. *See United States v. Taglia*, 922 F.2d 413, 417-19 (7th Cir. 1991). However, Schneider may also pursue his claim of ineffective assistance of counsel on direct appeal. And the basis for his motion to dismiss his appeal is that the Seventh Circuit has no jurisdiction because his conviction is not final, suggesting that he is more likely to obtain the relief he seeks before the district court. His § 2255 motion will therefore be dismissed without prejudice because it is premature. As the Court does not reach the merits of Schneider's claims, this order is not a decision on the legality of his detention for purposes of 28 U.S.C. § 2244(a). Thus, Schneider may later file another § 2255 motion without it being a "second or successive" motion under 28 U.S.C. §§ 2244(b) and 2255(h).

*See O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) (Section 2255 petition returned to petitioner on the basis that no collateral attack could begin while appeal pending does not count as initial petition for purposes of statutory restrictions on second or successive petitions).

Accordingly, Schneider's' motion for postconviction relief under 28 U.S.C. § 2255 is **DISMISSED** without prejudice as premature.

**SO ORDERED** this  11th  day of January, 2013.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court